**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| RONNELL DEPRIEST | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No.: |
| | ) | |
| THE UNITED STATES OF AMERICA | ) | |
| | ) | |
| Defendant. | ) | |

**COMPLAINT AT LAW**

**COUNT I
RONNELL DEPRIEST V. THE UNITED STATES OF AMERICA**

NOW COMES the Plaintiff, Ronnell Depriest (hereinafter "Depriest"), by and through his attorneys, Vito & Dollenmaier Law, and for his Complaint against the Defendant, The United States of America (hereinafter "The United States"), states as follows:

1. Jurisdiction is proper under 28 U.S.C. §1346(b). This count is brought pursuant to the Federal Tort Claims Act, 28 U.S.C. §2671, *et seq*.

2. Venue is proper in this District pursuant to 28 U.S.C. §1402 and 28 U.S.C. §1346 as Plaintiff is and was at all relevant times a resident of this Judicial District and the tortious acts or omissions complained of occurred within this Judicial District.

3. At all times relevant, Depriest resided in Chicago, Illinois.

4. At all times relevant hereto, U.S. Postal Service was and is an agency of the U.S. government and did own, control, manage, or operate a motor vehicle in Chicago, Illinois.

5. At all times relevant, Takiia Perkins (hereinafter "Perkins") resided in Dolton, Illinois.

6. At all times relevant hereto, U.S. Postal Service was a part of the federal government or was a "Federal Agency" as defined in 28 U.S.C. §2671, *et seq.*, and said Department and its employee, Perkins, were acting within the scope of their agency or employment with The United States.

7. An administrative claim pursuant to the Federal Tort Claims Act, 28 U.S.C. §2671, *et seq.*, was timely made initially in April of 2023 and served upon U.S. Postal Service, and greater than six months have passed since said claim date without denial nor decision by that agency.

8. At all times relevant, Depriest was in exercise of due care and caution for his own safety and for the safety of others.

9. At all relevant times, Perkins was an agent and/or employee of U.S. Postal Service and was acting in the scope of her employment and/or agency.

10. At all times relevant, Depriest was lawfully operating and controlling a motor vehicle on South Cottage Grove Avenue in Chicago, Illinois.

11. On or about February 12, 2022, at the aforementioned location, The United States, by and through its employee and/or agent, Perkins, operated and controlled a motor vehicle.

12. At the aforesaid date and location, the motor vehicle operated and controlled by The United States, by and through its employee and/or agent, Perkins, came into indirect and/or direct contact with Depriest.

13. At all times relevant, The United States owed to Depriest a duty to operate, maintain, and control the aforementioned motor vehicle in a safe and lawful manner.

14. Notwithstanding said duty, at the aforesaid date and place, The United States, by and through its employee and/or agent, Perkins, was guilty of one or more of the following careless and negligent acts or omissions:

      (a)      Operated the motor vehicle without keeping a proper and sufficient lookout;

      (b)      Negligently drove the motor vehicle forward, thereby colliding indirectly with Depriest;

      (c)      Proceeded at a speed which was greater than reasonable and proper under the circumstances in violation of 625 ILCS 5/11-601;

      (d)      Failed to yield the right of way to a vehicle lawfully proceeding through an intersection;

      (e)      Failed to keep the motor vehicle under proper control and failed to stop, slow down or otherwise alter speed, movement or direction when danger to Plaintiff's person was imminent; and

      (f)      Operated the motor vehicle in such a manner that the motor vehicle indirectly contacted Plaintiff's body, thereby injuring Depriest.

15. As a direct and proximate result of one or more of the foregoing acts and/or omissions of The United States, by and through its employee and/or agent, Perkins, Depriest suffered and will continue to suffer injuries of a personal and pecuniary nature.

WHEREFORE, Plaintiff, Ronnell Depriest, demands judgment against Defendant, The United States of America, in an amount in excess of $75,000, plus the costs of this lawsuit.

                      Respectfully submitted,
                      Ronnell Depriest

                      /s/ Joseph V. Vito
                      By: One of the Attorneys for Plaintiff

Joseph V. Vito
ARDC #: 6284193
Nicholas S. Dollenmaier
ARDC #: 6326825
Vito & Dollenmaier Law
3701 Algonquin Road, Suite 330
Rolling Meadows, Illinois 60008
jvito@vanddlaw.com
nick@vanddlaw.com
(224) 539-8821